**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted December 20, 2007*
Decided January 25, 2008

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**No**.  07-2676

CECIL W. WATSON,
 *Plaintiff-Appellant*,

**v.**

JOHN E. POTTER,
 *Defendant-Appellee*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 03 C 4023
David H. Coar, *Judge*.

## Order

On September 3, 2002, following our remand on a prior appeal, see *Watson v. Henderson*, 222 F.3d 320 (7th Cir. 2000), the district court entered a judgment requiring the Postal Service to "plac[e] Watson in an EAS 21 position with commensurate pay."

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Contending that the Postal Service had not complied with the district court's order, Watson filed a new suit describing the noncompliance as a form of "retaliation" for filing the suit in the first place, and thus as a fresh violation of Title VII of the Civil Rights Act of 1964. This is not an appropriate way to proceed, for the reasons given in *McGuire v. Springfield*, 280 F.3d 794 (7th Cir. 2002). If an employer fails to provide the relief called for by a judgment, the appropriate step is a motion to enforce that judgment (if necessary, by contempt proceedings) rather than a new Title VII suit describing noncompliance with the judgment as a fresh form of discrimination.

But that is water under the bridge. Plaintiff did not move to enforce the judgment. The new suit was at least transferred to the same district judge who had entered the judgment in 2002. In 2006 that judge held a bench trial, concluded that the Postal Service has complied with the judgment, and held that no further relief is in order. 2007 U.S. Dist. LEXIS 36061 (N.D. Ill. May 15, 2007). The judge also held that references to the original litigation in plaintiff's employment file do not imply retaliation or new discrimination; it is scarcely possible for an employer to meet obligations established by a judicial decree without noting (for the use of those who make personnel assignments) that the employee has filed and won a suit and holds a judgment governing his permissible assignment and pay. (Although the district judge expressed considerable sympathy for plaintiff's concerns about the manner in which the Postal Service recorded the judgment, he found that plaintiff did not suffer prejudice as a result.)

The district court's findings must be respected unless clearly erroneous. See Fed. R. Civ. P. 52(a). Watson's brief in this court, however, does not mention Rule 52(a); much of the brief reads as if it were a presentation to the trier of fact as an original matter. It does not attempt to demonstrate why any particular finding is clearly erroneous. Instead plaintiff recites lengthy complaints about the manner in which the Postal Service met its obligations, asserting that the Postal Service departed from its regular assignment practices. But, as the district court remarked, "many of the inconsistencies can and should be viewed as little more than the bending of rules to accommodate the atypical placement of an employee through court order rather than the normal mechanisms of Postal Service employment practices. ... [Moreover] and most importantly, [the Postal Service's] actions do not appear to have had a real impact on Plaintiff's ability to meet the demands and reap the benefits of his position".

The main "action" that Watson contests is his assignment to a position (Manager of Customer Services at the post office in Hoffman Estates, Illinois) that someone else nominally held; that put him at risk of ouster should the existing holder come back to work. The district court found that the nominal holder was expected never to return to work, and did not in fact return, so that Watson's fear of being kicked out of the position was unreasonable. That finding is not clearly erroneous.

The only implied challenge to the district court's approach concerns its conclusion that the Postal Service believed that Watson's posting must be in the Northern District of Illinois. Watson maintains that he could and should have been

given a better position elsewhere, and would have accepted it. On this subject, however, Watson's decision to commence a new Title VII suit--rather than move for enforcement of the 2002 judgment--cuts against him. A managerial decision that rests on a mistaken reading of a judgment (if that is what this reading represents) is not based on race; managerial errors differ from discrimination.

There is no basis to upset the judgment, which is

AFFIRMED.