In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-3183

GAIL KAY,

*Plaintiff-Appellant*,

*v.*

BOARD OF EDUCATION OF THE CITY OF CHICAGO,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 06 C 368—**Charles R. Norgle**, *Judge*.

ARGUED SEPTEMBER 18, 2008—DECIDED OCTOBER 27, 2008

Before EASTERBROOK, *Chief Judge*, and SYKES and
TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. After Gail Kay retired in
1994 from her position as a teacher at Walt Disney
Magnet School in Chicago, she filed a suit under 42 U.S.C.
§1983 accusing the Board of Education of violating the
Constitution by penalizing her on account of her speech
at a local school council. She contended that her retire-
ment had been involuntary and should be treated as a
constructive discharge. The litigation was settled and

dismissed in 1996. As part of the settlement the Board of Education offered to rehire Kay for an available vacancy. In 1997 a new principal arrived at Disney School and invited Kay to rejoin the teaching staff, which she did. According to her complaint, the Board's general counsel approved her posting—but from 1997 through 2004, when Kay retired a second time, she received only the retirement benefits that began in 1994. The Board insists that the principal did not have a vacancy to offer Kay and that the school system therefore did not have to pay her a salary or contribute to her retirement account.

The normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract. Such a claim arises under state law and must proceed in state court unless the parties are of diverse citizenship and the injury exceeds $75,000. See 28 U.S.C. §1332; *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). The normal remedy for failure to pay due-and-owing wages arises under the state's wage-payment statute. The Illinois Wage Payment and Collection Act covers teachers in public schools, see 820 ILCS 115/1, and requires prompt payment of anyone "permitted to work by an employer in an occupation". 820 ILCS 115/2. Kay was "permitted to work" by the Board of Education, whose central staff knew that she expected compensation for her services.

Instead of filing suit in state court under the contract and the statute, however, Kay returned to federal court. Her lawyer supposed that any dispute about the settlement of a federal suit must arise under federal law. The district

judge did not mention *Kokkonen*. Instead he dismissed the suit spontaneously for what he termed "lack of venue." The judge stated that all teachers in Chicago's public schools are covered by a collective bargaining agreement that contains an arbitration clause and that Kay therefore must present her demands to an arbitrator.

After the district judge dismissed Kay's suit, we twice held that federal judges must not invoke arbitration agreements on their own motion. See *CPL, Inc. v. Fragchem Corp.*, 512 F.3d 389 (7th Cir. 2008); *Automobile Mechanics Pension Fund v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740 (7th Cir. 2007). And there are other problems with the district judge's decision.

First, only the union and employer may use this collective bargaining agreement's arbitration clause. Kay cannot arbitrate at her own behest.

Second, a settlement contract is distinct from the collective bargaining agreement and not covered by its arbitration clause, which deals with claims arising under the CBA.

Third, an agreement between a union and an employer cannot require individual workers' civil-rights claims to be arbitrated. See *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974); *Pryner v. Tractor Supply Co.*, 109 F.3d 354 (7th Cir. 1997). Arbitration depends on the consent of the worker whose rights are at issue. The Supreme Court may revisit that subject in *14 Penn Plaza LLC v. Pyett*, No. 07-581 (to be argued December 1, 2008). Unless the Court overrules *Alexander*, however, Kay is entitled to litigate any

claim that does not depend on the collective bargaining agreement.

Fourth, if as the Board contends Kay was a volunteer rather than an employee, then she is not a member of the bargaining unit and cannot be required to arbitrate no matter what happens in *14 Penn Plaza*.

The district judge did not mention any of these problems. As the judge acted *sua sponte*, the parties were unable to provide their views and supply legal authorities. The benefit of adversarial presentation is a major reason why judges should respond to the parties' arguments rather than going off independently.

The order dismissing this suit in favor of arbitration is erroneous for the reasons we have given. It does not follow, however, that the suit should be reinstated. At oral argument, we directed the parties to file supplemental memoranda discussing subject-matter jurisdiction. Kay concedes that *Kokkonen* blocks her attempt to enforce the contract in federal court. (The district court did not incorporate the settlement into a judgment and reserve authority to enforce that judgment.) Kay also concedes that it is not possible to amend the complaint to state a claim under the Fair Labor Standards Act, because the FLSA does not cover teachers in public schools. 29 U.S.C. §213(a)(1). But she maintains that there is nonetheless subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the Board's failure to pay for her services amounts to "retaliation" for her assertion of constitutional rights.

This is an argument that we have considered, and rejected, before, because it is nothing but an effort to avoid *Kokkonen* by a turn of phrase. "Failure to pay a judgment or comply with an injunction entered by a court or agency cannot usefully be called 'retaliation for filing the complaint'; nor is slow payment or even non-payment a separate violation of federal law. See *Evans v. Chicago*, 10 F.3d 474 (7th Cir. 1993) (en banc). It is just a reason to enforce the judgment in supplemental pro-ceedings*." McGuire v. Springfield*, 280 F.3d 794, 797 (7th Cir. 2002). "An employer's action can be called 'retaliation' only if it makes the employee worse off on account of the protected activity*." Ibid*.

Did failure to pay Kay the wages to which she says she is entitled since 1997 make her "worse off on account of [a] protected activity"? The answer could be yes, if she were arguing that her speech since her re-employment has angered the Board, and that it is withholding her pay in an effort to force her into line. That would be a new violation of the Constitution, and it would be an irrelevant detail that the claim for compensation rests on a settlement contract as well as the state-law obligation to pay for services rendered. But Kay does not argue that she has engaged in new public speech that the Board of Education is trying to stifle or penalize. (Any speech within the bureaucracy, and related to her claim to be paid, is outside the first amendment's scope. See *Garcetti v. Ceballos*, 547 U.S. 410 (2006).) Kay's "retaliation" argument rests on her pre-settlement speech. That claim was extin-guished by the settlement and converted, as *Kokkonen* holds, into a claim under a contract. There are post-settle-

ment acts by the Board that injured Kay—the Board hasn't paid what Kay says is her due—but failure to abide by a settlement could not be treated as a fresh claim under federal law without contradicting *Kokkonen*.

There remains the possibility that *Kokkonen* is inapplicable because the defendant is a public rather than a private actor. But the Constitution does not require state actors to keep their promises. It requires process before any state may finally deprive a person of liberty or property (including rights under a contract), but the opportunity to litigate in state court supplies all the process that is due for claims of breach. See, e.g., *Taake v. Monroe County*, 530 F.3d 538 (7th Cir. 2008); *Goros v. Cook County*, 489 F.3d 857 (7th Cir. 2007); *Mid-American Waste Systems, Inc. v. Gary*, 49 F.3d 286 (7th Cir. 1995). These decisions hold that an attempt to enforce a contract substantively against a state actor in federal court does not come within federal subject-matter jurisdiction.

The courts of Illinois have jurisdiction to enforce both the settlement contract and the Wage Payment and Collection Act. The period of limitations for claims that rest on a written contract is ten years. 735 ILCS 5/13-206. (Employees have five years for claims on oral agreements. 735 ILCS 5/13-205.) Because this suit is being dismissed for jurisdictional reasons, and thus without prejudice to refiling in state court, Illinois may well treat a state suit as if it had been filed on the same day as the federal suit. 735 ILCS 5/13-217 (provided that the suit is refiled in state court within one year after its dismissal in federal court). That could bring all of Kay's work within the ten-

year window. But this is a subject for the state court to consider, if Kay files an action there.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for lack of subject-matter jurisdiction.