**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1753**

MARGARET TEMPLETON,

Plaintiff – Appellant,

v.

FIRST TENNESSEE BANK, N.A., A Subsidiary of First Horizon
National Corporation; METLIFE BANK, N.A., d/b/a MetLife Home
Loans, formerly First Horizon Home Loan Corporation Central
Operations,

Defendants – Appellees.

--------------------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Amicus Supporting Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge. (1:09-cv-03280-WDQ)

Submitted:  March 23, 2011          Decided:  April 22, 2011

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Joyce E. Smithey, RIFKIN, LIVINGSTON, LEVITAN & SILVER, LLC,
Annapolis, Maryland, for Appellant.  Ronald W. Taylor, VENABLE

LLP, Baltimore, Maryland; Lesley Pate Marlin, VENABLE LLP, Washington, D.C.; Carson Sullivan, PAUL HASTINGS JANOFSKY & WALKER, LLP, Washington, D.C.; Richard S. Cozza, PAUL HASTINGS JANOFSKY & WALKER, LLP, Chicago, Illinois, for Appellees. P. David Lopez, General Counsel, Vincent J. Blackwood, Acting Associate General Counsel, Carolyn L. Wheeler, Assistant General Counsel, Gail S. Coleman, Attorney, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Office of General Counsel, Washington, D.C., for Amicus Supporting Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margaret Templeton appeals the district court's order dismissing her retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010), and Md. Code Ann., State Gov't Title 20 (LexisNexis 2009 & Supp. 2010), against First Tennessee Bank, N.A. and Metlife Bank, N.A.[1] The district court dismissed Templeton's retaliation claims, in part because it found that too much time had elapsed between Templeton's protected activity and Defendants' refusal to rehire Templeton more than two years after her resignation. For the following reasons, we affirm in part and vacate in part and remand to the district court.

We review the district court's dismissal of Templeton's retaliation claims de novo. See Coleman v. Maryland Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010) (Fed. R. Civ. P. 12(b)(6) motion), pet. for cert. filed, 79 U.S.L.W. 3480 (Feb. 8, 2011) (No. 10-1016); Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009) (Fed. R. Civ. P. 12(c) motion). Accordingly, we "accept as true all of the factual allegations contained in the complaint." Erickson v.

---

[1] Templeton does not challenge the district court's dismissal of her state law claims for negligent supervision and retention and intentional infliction of emotional distress.

3

Pardus, 551 U.S. 89, 94 (2007) (per curiam); see Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (recognizing that, in reviewing the district court's grant of a Rule 12(c) motion, this court applies the same standard as when it reviews a dismissal under Rule 12(b)(6)).

A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (alteration and internal quotation marks omitted). To survive a motion to dismiss, however, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In this regard, while a Title VII plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted). In other words, the Supreme

4

Court's holding in Swierkiewicz "left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006) (internal quotation marks omitted); see also Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in Swierkiewicz . . . did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim.").

We have reviewed the record and the briefs filed with this court and conclude that the district court erred when it determined that Templeton's retaliation claims should be dismissed at the motion to dismiss stage because too much time had elapsed between Templeton's harassment complaint and Defendants' refusal to rehire her. Because Templeton resigned her employment shortly after she complained of harassment, Templeton was retaliated against, if at all, upon the employer's first opportunity to do so, i.e., when Templeton expressed her interest in being rehired approximately two years after her resignation. See Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004) (assuming, without deciding, "that in the failure-to-hire context, the employer's knowledge coupled with an adverse action taken at the first opportunity satisfies the causal connection element of the prima facie case"); see also Dixon v. Gonzales, 481 F.3d 324, 335 (6th Cir. 2007) ("[A] mere lapse in time

5

between the protected activity and the adverse employment action does not inevitably foreclose a finding of causality. This is especially true in the context of a reinstatement case, in which the time lapse between the protected activity and the denial of reinstatement is likely to be lengthier than in a typical employment-discrimination case."); McGuire v. City of Springfield, Ill., 280 F.3d 794, 796 (7th Cir. 2002) (holding that although a ten-year delay between protected activity and the adverse employment action "was exceedingly long[,] . . . the *reason* a long wait often implies no causation . . . d[id] not apply" in that case because the employer had no earlier opportunity to retaliate).

According to the complaint filed in this case, Templeton made clear when she resigned her employment that she was doing so, at least in part, because management allegedly failed to remedy the sexual harassment about which she complained and failed to prevent ensuing retaliation by the alleged harasser. Coupled with her allegation that Defendants would not rehire Templeton because (according to one management official) she had "issues with management," we find that it is at least plausible that Defendants' refusal to rehire Templeton in 2008 was causally-related to Templeton's previous harassment complaint. See Lettieri v. Equant, Inc., 478 F.3d 640, 650-51 (4th Cir. 2007) (recognizing that intervening events that can

6

reasonably be viewed as exhibiting retaliatory animus by the employer can establish a causal link between complaint and adverse employment action, even absent temporal proximity).

Accordingly, we vacate that portion of the district court's order dismissing Templeton's retaliation claims and remand for further proceedings.[2] We affirm the remainder of the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2] By this disposition, we intimate no view as to the appropriate resolution of Templeton's retaliation claims.