NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 2, 2018[*]
Decided November 14, 2018

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-2967

MICHAEL FINEGAN and DONNIE ROGERS,
    *Plaintiffs-Appellants,*

        *v.*

CHRISTINE BRANNON *et al.*,
    *Defendants-Appellees.*

Appeal from the United States District Court for the Central District of Illinois.

No. 1:17-cv-01095-SLD-JEH
Sara Darrow, *Judge*.

## Order

Michael Finegan and Donnie Rogers hold positions as Correctional Transportation Officers with the Illinois Department of Corrections. They contend in this suit under 42 U.S.C. §1983 that various state employees and union officials violated the Due Process

---

[*] Defendant Barrett was not served with process and is not participating in this appeal. Appellants have dismissed their appeal with respect to defendants McCubbin, Sollars, Stout, and Ruthart. The lawyers representing appellants do not request oral argument, and the court has decided that argument is unnecessary under the criteria of Fed. R. App. P. 34(a).

Clause of the Fourteenth Amendment by not assigning them certain overtime work. Plaintiffs contend that collective bargaining agreements plus the job descriptions for their positions entitle them to overtime assignments but that the Department entered into a letter agreement with their union assigning the overtime opportunities to different categories of employees. The district judge dismissed the suit on the ground that neither the CBAs nor the job descriptions contain specific provisions that establish liberty or property interests. 2017 U.S. Dist. LEXIS 129439 (C.D. Ill. Aug. 15, 2017).

We need not consider that question, because the suit suffers from a more basic defect. Plaintiffs invoke the Due Process Clause of the Fourteenth Amendment, but they do not contend that the state failed to provide them with a hearing or other necessary process. Instead they maintain that the Constitution can be used to enforce the *substance* of promises contained in contracts. Yet the Supreme Court has held many times that a violation of state law does not thereby violate the federal Constitution. See, e.g., *Snowden v. Hughes*, 321 U.S. 1, 11 (1944) ("Mere violation of a state statute does not infringe the federal Constitution."); *Swarthout v. Cooke*, 562 U.S. 216, 221–22 (2011) (same). We held in *Mid-American Waste Systems, Inc. v. Gary*, 49 F.3d 286 (7th Cir. 1995), that what is true of state laws is equally true of contracts whose force depend on state law. Accord, *Linear v. University Park*, 887 F.3d 842 (7th Cir. 2018); *Blackout Sealcoating, Inc. v. Peterson*, 733 F.3d 688 (7th Cir. 2013); *Kay v. Board of Education*, 547 F.3d 736, 739 (7th Cir. 2008).

A claim that a state has broken a promise arises under state law, not the Constitution. Plaintiffs do not contend that this suit meets the requirements of the diversity jurisdiction. See 28 U.S.C. §1332. It therefore belongs in state court, under state law.

The decision of the district court is modified to provide that the dismissal is without prejudice to litigation in state court under state law. As so modified it is affirmed.