NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 6, 2020
Decided June 17, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1656

| | |
|---|---|
| KAREN KREBS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 2:19-cv-00634-JPS |
| MICHAEL GRAVELEY, | |
| *Defendant-Appellee*. | J.P. Stadtmueller, |
| | *Judge*. |

**O R D E R**

In this case, Karen Krebs challenges Wis. Stat. § 301.47 (the "Name-Change Statute"), the Wisconsin statute that forbids convicted sex offenders from legally changing their names. Krebs, born "Kenneth," is a person who is transgender and has gone by the name "Karen" for more than twenty years. Because she is a convicted sex offender, she is required to register with the State of Wisconsin for the rest of her life.

At the time of the initial registration, individuals are required to disclose all names by which they are known, including aliases. According to Krebs, prior to the passage of the Name-Change Statute, registrants were legally permitted to go by other names as long as those names were properly disclosed to the Department of

Corrections. With the passage of the Name-Change Statute, the Department ceased including new names or nicknames on the registry. Because Krebs' registration requirement commenced prior to the passage of the Name-Change Statute, Krebs is allowed to identify by any name already identified in the registry.

As the registry contains both the name Kenneth and the alias Karen for her, she does not argue that she is not allowed to present herself as Karen. She challenges only the inability to legally change her name to Karen. She argues that she is forced to carry and present identification such as a driver's license in numerous situations, and because the license contains her legal name of Kenneth, she is forced to reveal information about herself which amounts to compelled speech. And although the Name-Change Statute does not require the production of that identification in those circumstances, she claims that the statute prevents her from changing the name on that identification. She argues that the Name-Change Statute violates the First Amendment in four ways: it forces her to display and disclose a name to which she strongly objects and fails to meet the strict scrutiny standard; it regulates expressive conduct because changing one's name is intimately intertwined with expression, and cannot meet the test for expressive conduct because the government interest could be achieved just as effectively absent the restriction on the name change; it constitutes an impermissible exclusion from a limited public forum; and it fails even if heightened scrutiny does not apply.

In response to Krebs's motion for summary judgment below, Gravely argued (among other contentions) that the First Amendment was not implicated at all because Krebs's argument that the statute compels speech, and therefore is a content-based regulation of speech, has no basis in law. According to Gravely, the Supreme Court has recognized two categories of compelled speech – that in which the government imposes an obligation compelling the individual to personally express a message with which she disagrees, and compelled-subsidy cases in which the individual is required to subsidize a message with which she disagrees – and Krebs's theory for compelled speech fits neither and has no legal support. Graveley argued that Krebs had cited no caselaw in support of her argument that the Name-Change Statute compels any speech, and that perfunctory, undeveloped arguments are waived.

In her reply to that argument that the law did not regulate speech, Krebs still failed to identify any caselaw supporting her argument that the law implicates speech, citing only a law journal article without discussing or developing any legal arguments in that article. The district court agreed with Graveley's argument that Krebs had failed to develop the legal argument, and granted summary judgment on that basis. Specifically, the court stated that Krebs had the burden of proof and persuasion to

establish that regulating a person's name implicates the First Amendment and involves speech or expressive conduct. The court granted summary judgment because Krebs had failed to provide any legal support for that proposition, and explicitly stated that it was not holding that the claim had no legal merit, but only was holding that Krebs failed to present any legal argument, noting:

> Plaintiff's only support for her position is a decade-old, student-written law review article. *See* Julia Shear Kushner, The Right to Control One's Name, 57 UCLA L. Rev. 313 (2009). This is not legal precedent at all. It is a wholly insufficient legal basis for the Court to agree with Plaintiff's viewpoint. This Court will not engage in the solemn task of evaluating the constitutionality of a state's enactment untethered from a legal footing, much less a solid one.

> The Court must, therefore, find that Plaintiff has not met her burden to demonstrate that the Name-Change Statute implicates her speech rights. Without this foundation, Plaintiff cannot present a viable First Amendment claim at all, irrespective of the level of scrutiny to be applied. **The Court stresses the limitations of this holding. It is based entirely upon the briefing presented in this case by these parties. The Court takes well the instruction from the Court of Appeals that it should not conduct a party's research or invent arguments on a party's behalf.** *Nelson v. Napolitano*, **657 F.3d 586, 590 (7th Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel.");** *United States v. Holm*, **326 F.3d 872, 877 (7th Cir. 2003) ("We have repeatedly warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues.")** (quotation omitted). The Court thus does not comment upon whether any appropriate arguments and legal support *could* be found to support Plaintiff's position; it finds only that she has not provided as much to the Court.

Dist. Ct. Order, Doc. 7 at 3-4 (emphasis added).

The court further explained its holding in a footnote following that quote, stating:

> Plaintiff's claim presents important and evolving issues for our society. To be unable to address the matter because of poorly constructed and

researched arguments seems a waste of time for all involved. But as explained in *Kay v. Board of Education of City of Chicago*, 547 F.3d 736, 738 (7th Cir. 2008), when a "[district] judge [acts] *sua sponte*, the parties [are] unable to provide their views and supply legal authorities. The benefit of adversarial presentation is a major reason why judges should respond to the parties' arguments rather than going off independently." It is for the parties, not the Court, to carefully select and craft the arguments they will present to support their positions.

*Id.* at 4 n.3.

The court also noted that the law journal article cited by Krebs does not actually support her approach in that it concludes, after a thorough analysis of the First Amendment implications of name-changing regulations, that they likely do not impinge upon a person's speech. *Id.* at 3 n.2. The district court recognized that her claim presents "important and evolving issues for our society" but declared that it was unable to address the issues because of the inadequacy of the briefing. Essentially, then, the court granted summary judgment on the basis that the critical argument as to whether the statute implicates speech or expression was not preserved, in that it was unsupported by any citations to law or otherwise developed.

Because the court's decision was based on the proposition that the legal issue was too perfunctory and undeveloped to be adequately presented, Krebs on appeal had to demonstrate that *the arguments below* adequately developed the legal basis for her claim that the law impinged upon speech, and that the court erred in holding otherwise. Or Krebs had to otherwise argue that although the issue was not adequately presented, she should be allowed to proceed anyway.  See, e.g., *Bourgeois v. Watson*, 977 F.3d 620, 629 (7th Cir. 2020) (determining that the record failed to support the district court's finding that an issue was waived, and also recognizing that even for forfeited issues in civil litigation, plain error review may be available "in the rare situation where a party can demonstrate that (1) exceptional circumstances exist; (2) substantial rights are affected; and (3) a miscarriage of justice will occur if plain error review is not applied")(internal quotation marks omitted); *Soo Line R.R. Co. v. Consol. Rail Corp.*, 965 F.3d 596, 601 (7th Cir. 2020)("Although the argument need not be present in all its particulars and a party may elaborate in its appellate briefs, … a conclusory argument that amounts to little more than an assertion does not preserve a question for our review.")

But Krebs does not make any such arguments. She never discusses the briefing before the district court, nor does she identify any pages in that briefing that would

counter the court's conclusion that the argument was not developed. Instead, she presents us with essentially the same briefing as she submitted to the district court in support of her own motion for summary judgment. In fact, of the 32 pages of briefing on appeal, all but seven pages are verbatim or near-verbatim reproductions of the summary judgment response memorandum submitted to the district court. As such, the brief predominantly addresses issues that were never reached by the district court and are not before us on appeal. Most disconcertingly, nothing in the brief on appeal addresses the *actual* basis for the district court's decision. Krebs adds a section which sets forth the legal argument that was missing below, as to how the statute implicates speech. But on appeal, that is no longer the relevant issue. The issues before us are whether the court erred in determining that she had failed to develop that argument in *that* court and therefore that it could not consider the issue, or whether we should nevertheless address the issue despite that failure. See, e.g., *Soo Line R.R. Co.,* 965 F.3d at 601 (refusing to consider a legal argument that was insufficiently developed below where the plaintiff "offers us no persuasive reason to address its new arguments … does not even explain why it so poorly developed its theories in the district court and asserts only that we have been more willing to overlook waiver when the new argument on appeal raises a pure question of law or statutory interpretation").

Krebs makes no such arguments to this court. "An appellant who does not address the rulings and reasoning of the district court forfeits any arguments he might have that those rulings were wrong." *Hackett v. City of S. Bend*, 956 F.3d 504, 510 (7th Cir. 2020), citing *Webster v. CDI Indiana, LLC*, 917 F.3d 574, 578 (7th Cir. 2019) and *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018)("[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success"); see also *Griffin v. Bell*, 694 F.3d 817, 826 (7th Cir. 2012) (holding that the plaintiff's failure to challenge the district court's alternate basis for its holding was fatal to the claim of error) and *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 548 (7th Cir. 2017) (same). It is not the province of our court to raise such arguments for the appellant.

The decision of the district court is AFFIRMED.