Jay **READ** and Carol **McIntyre,**
Appellants–Plaintiffs,

v.

**CITY OF SOUTH BEND, Indiana,**
Appellee–Defendant.

No. 71A03–9609–CV–352.

Court of Appeals of Indiana.

Nov. 26, 1997.

Rehearing Denied Feb. 12, 1998.

Donald E. Wertheimer, South Bend, for Appellants–Plaintiffs.

Ann–Carol Simons, South Bend, for Appellee–Defendant.

**OPINION**

HOFFMAN, Judge.

Appellants-plaintiffs Jay Read and Carol McIntyre appeal the trial court's decision dismissing their complaint for judicial review of administrative decisions entered on March 14, 1994, June 12, 1995 and July 13, 1995. The facts relevant to review are recited below. Pursuant to the Unsafe Building Laws, IND. CODE § § 36–7–9–1 through 36–7–9–28 (1993 Supp.), the City of South Bend,

Indiana, issued orders to demolish three structures on properties located at 1410 Lincoln Way West, 519 West Marion Street, and 1016 North Olive Street. The orders were issued after administrative hearings held on the above dates. In their verified complaint for judicial review filed August 7, 1995, Read and McIntyre claimed to be owners of the three parcels of real estate. The verified complaint generally alleged that Read and McIntyre were denied their due process rights, that the hearings were not fair and impartial, that the findings related to the hearings were arbitrary and capricious, and that the actions were contrary to law and the evidence. Essentially, they requested reconsideration of the evidence. The verified complaint specifically relied upon the procedures allowing review found within IND. CODE § 36–7–9–8 (1993 Supp.).

On August 28, 1995, South Bend filed its motion to dismiss. South Bend based its motion to dismiss upon the ten-day time limitations within IND. CODE § 36–7–9–8. In their memorandum in opposition to the motion to dismiss, Read and McIntyre claimed *inter alia* that Read was never provided with notice of the hearings; that McIntyre was Read's agent solely for the purpose of collecting rent and managing the properties as to renters; that one property had been demolished after repairs were made, resulting in confiscation of property without compensation; and that a buyer existed for the other properties. After a hearing, the trial court dismissed the cause on June 4, 1996. This appeal ensued.

As restated, Read and McIntyre raise two issues:

(1) whether the trial court erred in dismissing the cause for failure to comply with the statutory time limitation for judicial review de novo, where Read was not properly notified of the hearings; and

(2) whether South Bend's act of demolishing the structure at one of the properties was arbitrary and capricious allowing an appeal without regard to the statutory provisions for appealing the administrative decisions.

First, Read and McIntyre contend that the trial court erred in dismissing the action requesting de novo judicial review because Read was not properly served with notice of the hearings. The tax records for the properties indicate that Read is the owner. Another document indicates that McIntyre was appointed as Read's agent to manage the properties. Notice of the hearings was sent to Read at the address given on the tax records. Read now contends that notice had to be sent to his residence and that McIntyre was not his agent to receive notice or service of process. Despite McIntyre's presence at the hearings, Read contends that he was not properly served. Thus, according to Read, due process prevents application of the statutory time limitations against him.

The pertinent statutes state in relevant part:

IND. CODE § 36–7–9–7 (1993 Supp.)

(c) The person to whom the order was issued, any person having a substantial property interest in the unsafe premises that are the subject of the order, or any other person with an interest in the proceedings may appear in person or by counsel at the hearing. Each person appearing at the hearing is entitled to present evidence, cross-examine opposing witnesses, and present arguments.

IND. CODE § 36–7–9–8

**Appeals**

(a) An action taken under section 7(d) of this chapter is subject to review by the circuit or superior court of the county in which the unsafe premises are located, on request of:

(1) any person who has a substantial property interest in the unsafe premises; or

(2) any person to whom that order was issued.

(b) A person requesting judicial review under this section must file a verified complaint including the findings of fact and the action taken by the hearing authority. The complaint must be filed within ten (10) days after the date when the action was taken.

(c) An appeal under this section is an action de novo. The court may affirm, modi-

fy, or reverse the action taken by the hearing authority.

■ On appeal, Read and McIntyre cast their first issue slightly differently than their argument at the trial court hearing. They now contend that the 10–day period did not begin to run because Read was not personally served with notice of the administrative hearings. At the hearing on the motion to dismiss, their argument was that Read was not informed of the action taken by the administrative agency. The latter question was adequately addressed by this Court in *Starzenski v. City of Elkhart*, 659 N.E.2d 1132 (Ind.Ct.App.1996), *cert. den.* —— U.S. ——, 117 S.Ct. 582, 136 L.Ed.2d 512. Noting the explicit language of the statute, this Court stated that "neither the enforcement authority nor the hearing authority is required to give any person notice of the findings and action." *Id.* at 1137, quoting IND. CODE 36–7–9–7(g). (Emphasis added in *Starzenski.*)

■ Read now claims that he did not receive personal notice at his residence and that notice to him sent to the tax records address was inadequate. Read is mistaken. The statutes specifically contemplate situations where an owner or other interested persons are represented by proxy at the administrative hearings. As noted above, "any person having a . . . property interest in the unsafe premises . . . , or any other person with an interest in the proceedings may appear in person or by counsel" and may present evidence. IND. CODE § 36–7–9–7(c). Read does not claim that he did not actually know of the proceedings. Pursuant to rental documents, McIntyre was his appointed representative as to the properties. It is undisputed that McIntyre was present at the hearings. Read cannot now be heard to complain that McIntyre's representation of his interest was inadequate or that the appointment was ineffective for purposes of the hearings regarding the unsafe nature of the properties.

■ Read and McIntyre also complain that the dismissal was inappropriate because they are contending that the administrative orders were arbitrary and capricious. Thus, according to Read and McIntyre, they were not required to comply with the 10–day time period for requesting de novo review of the administrative findings. The statute, as set out above, specifically requires action within 10 days of the proceedings from which the aggrieved party intends to appeal.

■ "The law is clear in Indiana that, where a statute sets forth a specific time period for filing an appeal from an administrative decision, one must timely file the appeal in order to invoke the jurisdiction of the court." *Starzenski*, 659 N.E.2d at 1136. The bald allegations of capriciousness and arbitrariness are ineffective to invoke appellate rights. Here, the administrative findings noted repeated attempts to secure action to remedy the unsafe conditions. Read and McIntyre waited more than one year to question those findings in one instance and more than thirty days in another instance. Read and McIntyre did not meet the ten-day time period for review in any of the three cases. Other sub-issues raised by Read and McIntyre are obviated by our resolution of the cause. Accordingly, the trial court correctly dismissed the complaint for review.

Affirmed.

STATON and BARTEAU, JJ., concur.