QUAKER PROPERTIES, INC.,
Appellant–Plaintiff,

v.

DEPARTMENT OF UNSAFE BUILD-
INGS OF the CITY OF GREEN-
DALE, INDIANA, Appellee–Defen-
dant.

No. 15A01–0508–CV–347.

Court of Appeals of Indiana.

Feb. 21, 2006.

Gustin J. Raikos, Indianapolis, for Ap-
pellant.

Richard A. Butler, Lawrenceburg, for
Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Quaker Properties,
Inc. (Quaker) appeals the trial court's dis-
missal of its petition for judicial review
against the appellee-defendant Depart-
ment of Unsafe Buildings of the City of
Greendale (the City), as well as the judg-
ment that was awarded to the City for the
repairs and modifications it made to Quak-
er's building. Concluding that Quaker did
not file its petition for judicial review in a
timely manner, and further finding that
the judgment was appropriately entered
for the City, we affirm the judgment of the
trial court.

## FACTS

On November 20, 2001, the City, by its
Chief Administrative Officer, issued an or-

der that the Schenley Warehouse building (Schenley building) that was owned by Quaker was in an impaired condition. The City alleged that the roof of the building had collapsed and there was a crack that extended from the top of the building to the bottom. As a result, the defects threatened persons occupying or using nearby property. Quaker was ordered to seal the Schenley building and repair or rehabilitate it in order to bring it into compliance with the standards for building condition or maintenance required for human habitation. Alternatively, the order provided that Quaker was to remove the unsafe building within fourteen days of Quaker's receipt of the order.

This action was scheduled before the Hearing Authority on December 12, 2001. At the hearing, Quaker appeared by its representative, Bob Greer, who agreed that the Schenley building was unsafe. As a result, it was determined that Quaker was to seal the building against intrusion by December 31, 2001, remove the south wall of the building by January 31, 2002, and ultimately remove the building by June 30, 2002.

On August 29, 2003, Quaker filed its complaint for judicial review with regard to the above order. In the interim, the City sought judgment against Quaker for certain work it had performed on the Schenley building. Specifically, on November 26, 2003, the City filed its record of unpaid costs for the work it had performed under a separate cause number. Thereafter, on April 13, 2004, the City filed a verified petition for judgment, and an order was issued that same day awarding the City judgment in the amount of $126,410.86. However, on August 16, 2004, the trial court set aside the judgment and consolidated that matter with the action that pertained to the petition for judicial review pursuant to Quaker's request that it do so.

On March 9, 2005, the City filed a motion to dismiss Quaker's petition for judicial review, along with a motion for entry of judgment upon the City's verified petition for judgment. Following a hearing, the trial court granted both of these motions on June 6, 2005. In its order, the trial court determined that Quaker had failed to file the petition for judicial review in a timely fashion.[1] Additionally, it observed that the City was entitled to judgment for the work that it had performed on the Schenley building because Quaker failed to object to the City's claim for costs in a timely manner. Quaker now appeals.

## DISCUSSION AND DECISION

### I. Petition for Judicial Review

■ Quaker first claims that the trial court abused its discretion in dismissing its petition for judicial review. Specifically, Quaker argues that because it eventually rendered the building safe as a result of certain repairs and modifications that Greer made, the petition for judicial review was ripe for review.

In addressing this issue, we first set forth the relevant provisions of Indiana Code section 36–7–9–8, the Statute that pertains to unsafe buildings:

(a) An action taken under section 7(d)[2] of this chapter is subject to review by

---

1. Quaker incorrectly states that the Complaint was dismissed for failure to state a claim upon which relief can be granted. *See* Appellant's Br. p. 8, 10.

2. This section of the unsafe building law provides that:

(d) At the conclusion of any hearing at which a continuance is not granted, the hearing authority may make findings and take action to:
(1) affirm the order;
(2) rescind the order; or

the circuit or superior court of the county in which the unsafe premises are located, on request of:

(1) any person who has a substantial property interest in the unsafe premises; or

(2) any person to whom that order was issued.

(b) *A person requesting judicial review under this section must file a verified complaint including the findings of fact and the action taken by the hearing authority. The complaint must be filed within ten (10) days after the date when the action was taken.*

(c) An appeal under this section is an action de novo. The court may affirm, modify, or reverse the action taken by the hearing authority.

(Emphasis added).

In considering the above, we observe that it has been held that where a statute sets forth a specific time period for filing an appeal from an administrative decision, one must timely file the appeal in order to invoke the jurisdiction of the court. *Read v. City of South Bend*, 687 N.E.2d 265, 267 (Ind.Ct.App.1997), *trans. denied*. To illustrate, in *Starzenski v. City of Elkhart*, 659 N.E.2d 1132, 1136 (Ind.Ct.App.1996), *trans. denied*, the Enforcement Authority in Elkhart ordered the Starzenskis to clean up their property after a large amount of trash and debris had accumulat-

ed on the premises. Following a hearing on the order, the hearing authority affirmed the enforcement of the order. The Starzenskis failed to comply, and the enforcement authority rendered another order, advising the Starzenskis that if they failed to clean up the property, the City of Elkhart would do so. Following a hearing on the order on October 29, 1992, the hearing authority again affirmed the order. The Starzenskis failed to comply, and the City began to clean up the property.

On February 8, 1993, the Starzenskis petitioned for—and were awarded—a temporary restraining order. The Starzenskis subsequently sought a preliminary injunction, arguing that the City of Elkhart had violated their due process rights by entering their property without a warrant and by taking their possessions without just compensation. After a hearing, the trial court denied the Starzenskis's request for the injunction, finding that the City's actions did not violate their constitutional rights. *Id.* at 1136.

In the appeal to this court, we observed that "the Starzenskis filed no appeal from the order of the Hearing Authority. Instead, they seek to circumvent the statutory requirements governing appeals from the Hearing Authority by seeking an injunction against the City in a collateral proceeding brought in the Elkhart Superior Court." *Id.* at 1136–37. We noted that the Hearing Authority took action on Octo-

---

(3) modify the order, but unless the person to whom the order was issued, or counsel for that person, is present at the hearing, the hearing authority may modify the order in only a manner that makes its terms less stringent.

In addition to affirming the order, in those cases in which the hearing authority finds that there has been a willful failure to comply with the order, the hearing authority may impose a civil penalty in an amount not to exceed five thousand dollars ($5,000). The effective date of the civil penalty may be post-

poned for a reasonable period, after which the hearing authority may order the civil penalty reduced or stricken if the hearing authority is satisfied that all work necessary to fully comply with the order has been done. For purposes of an appeal under section 8 of this chapter or enforcement of an order under section 17 of this chapter, action of the hearing authority is considered final upon the affirmation of the order, even though the hearing authority may retain jurisdiction for the ultimate determination of a fine.

ber 29, 1992, when it affirmed the Enforcement Authority's order. As a result, we held that "[t]he Starzenskis failed to appeal from that action within the requisite time period." *Id.* at 1137. Hence, we concluded that "the Starzenskis have waived their challenge to the Hearing Authority's decision and the Enforcement Authority's order, and the opportunity to have the court conduct a de novo review of the evidence under I.C. 36–7–9–8." *Id.* Finally, we observed that the time limits set forth in Indiana Code section 36–7–9–1 *et seq.*, satisfied due process requirements.

In this case, the record shows that Quaker failed to timely file its verified petition for judicial review within the requisite ten days of the hearing and findings. To be sure, the City took action on December 12, 2001. The Hearing Authority conducted a hearing on the Enforcement Authority's order and rendered the findings modifying the Amended Order that same day. Tr. Vol. 3, Def. Ex. A. Quaker did not file its complaint for judicial review until August 29, 2003, which was over one and one-half years after the hearing had occurred and the findings had been entered. Hence, we can only conclude that Quaker's untimely filing deprived the trial court of jurisdiction. Thus, Quaker waived its challenge to the findings and the opportunity to have the trial court conduct a de novo review of the evidence under Indiana Code section 36–7–9–8.[3]

## II. *Propriety of Judgment Award*

■ Quaker next argues that the trial court erred in awarding judgment in the amount of $126,410.86 to the City, which represented the funds it expended in demolishing the Schenley building. Specifically, Quaker argues that because the trial court had consolidated the matters that related to the judgment and the petition for judicial review, the amounts expended by the City "were self imposed, avoidable, and premature." Appellant's Br. p. 7. Thus, Quaker argues that the judgment must be set aside.

In resolving this issue, we first note that Indiana Code section 36–7–9–13 of the unsafe building law provides that:

(a) If all or any part of the costs listed in section 12 of this chapter remain unpaid for any unsafe premises (other than unsafe premises owned by a governmental entity) for more than fifteen (15) days after the completion of the work, the enforcement authority does not act under section 13.5 of this chapter, and the enforcement authority determines that there is a reasonable probability of obtaining recovery, the enforcement authority shall prepare a record stating:

(1) the name and last known address of each person who held a fee interest, life estate interest, or equitable interest of a contract purchaser in the unsafe premises from the time the order requiring the work to be performed was recorded to the time that the work was completed;

(2) the legal description or address of the unsafe premises that were the subject of work;

(3) the nature of the work that was accomplished;

(4) the amount of the unpaid bid price of the work that was accomplished; and

(5) the amount of the unpaid average processing expense.

---

3. As an aside, Quaker's argument that its complaint should not have been dismissed because the City modified the findings and that Quaker, in reliance on those modifications, made the building safe is unfounded. There is no evidence in the record that the findings had been modified or that Quaker—in fact—made the building safe.

(b) The enforcement authority, or its head, shall swear to the accuracy of the record before the clerk of the circuit court and deposit the record in the clerk's office. Notice that the record has been filed and that a hearing on the amounts indicated in the record may be held must be sent to the persons named in the record, in the manner prescribed by section 25 of this chapter.

(c) *If, within thirty (30) days after the notice required by subsection (b), a person named in the record files with the clerk of the circuit court a written petition objecting to the claim for payment and requesting a hearing, the clerk shall enter the cause on the docket of the circuit or superior court as a civil action, and a hearing shall be held on the question in the manner prescribed by IC 4–21.5.* However, issues that could have been determined under section 8 of this chapter may not be entertained at the hearing. At the conclusion of the hearing, the court shall either sustain the petition or enter a judgment against the persons named in the record for the amounts recorded or for modified amounts.

(d) *If no petition is filed under subsection (c), the clerk of the circuit court shall enter the cause on the docket of the court and the court shall enter a judgment for the amounts stated in the record.*

(e) A judgment under subsection (c) or (d), to the extent that it is not satisfied under IC 27–2–15, is a debt and a lien on all the real and personal property of the person named, or a joint and several debt and lien on the real and personal property of the persons named....

(Emphasis added).

In accordance with this statute, the City filed the required Statement of Costs.[4] More than thirty days elapsed between the filing of this document and the trial court's order on the City's motion to dismiss and motion for entry of judgment. Moreover, Quaker failed to object to the City's claim for payment in accordance with Indiana Code section 36–7–9–13(c). Hence, pursuant to section (d) of the statute quoted above, the trial court was required to enter judgment for the amount set forth in the City's Statement of Costs. To be sure, this statute provides that if no petition objecting to the claim for costs is filed with thirty days, "the clerk of the circuit court *shall* enter the cause on the docket of the court and the court *shall* enter a judgment for the amounts stated in the record." (Emphasis added).

Notwithstanding these provisions, Quaker asserts that the City was not entitled to the judgment because the findings were being reviewed under Indiana Code section 36–7–9–8. Under those circumstances, the provisions of Indiana Code section 36–7–9–10, the statute regarding the Enforcement Authority's ability to enforce an action by a contractor, necessarily preclude the City from taking any action under the orders. However, the orders were *not* being reviewed under Indiana Code section 36–7–9–8 because, as stated above, a petition for judicial review that is not timely filed does not invoke the jurisdiction of the trial court. *See Starzenski,* 659 N.E.2d at 1137. Put another way, where the trial court's jurisdiction is not invoked, the trial court is not reviewing the decision from which the appeal is sought. Hence, we conclude that the trial

---

4. The City's actual filing was entitled "Sworn Statement and Record of Unpaid Costs for Work Performance Pursuant to an Unsafe Building Order." Appellant's Br. p. 14.

court properly granted the City judgment where Quaker failed to request a hearing in a timely fashion and failed to timely object to the City's claim for payment. The judgment of the trial court is affirmed.

NAJAM, J., and BAILEY, J., concur.