**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 03 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO-SE:

**LEONARD DEWITT**
Greencastle, Indiana

ATTORNEY FOR APPELLEES:

**RICHARD A. BUTLER**
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LEONARD DEWITT, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )    No.  15A04-1110-MI-567 |
| | ) |
| UNSAFE BUILDING DEPARTMENT, | ) |
| CITY OF GREENDALE, INDIANA, | ) |
| DOUG HEDRICK, et al., | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1101-MI-2

**July 3, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-plaintiff Leonard Dewitt appeals the trial court's dismissal of his action for inverse condemnation in favor of appellees-defendants Unsafe Building Department City of Greendale (Unsafe Building Department), Doug Hedrick, et al. (collectively, the defendants), claiming that the trial court improperly dismissed the complaint because it lacked jurisdiction over the matter. Specifically, Dewitt argues that the trial court erroneously concluded that his failure to appeal the order entered by the Unsafe Building Department within ten days as set forth in Indiana Code section 37-7-9-8, bars his action. Concluding that the trial court lacked jurisdiction over Dewitt's complaint because he did not timely appeal the Unsafe Building Department's decision, we affirm the judgment of the trial court.

FACTS

On August 24, 2005, the Chief Enforcement Officer (Officer) of the Unsafe Building Department issued an order declaring Dewitt's house unsafe, and ordered him to remove it from the real estate within ninety days. The order declared that Dewitt's residence was in "an impaired structural condition," was a fire hazard, and a threat to public health. Appellant's App. p. 9. The Officer also set a hearing on the matter for September 14, 2005.

The Hearing Authority of the Unsafe Building Department unanimously affirmed the order on September 14, 2005. The record shows that Dewitt neither complied with, nor appealed this order. Thereafter, on May 3, 2006, the Unsafe Building Department demolished the house and removed it from Dewitt's real estate.

2

On December 13, 2006 the Unsafe Building Department requested the amounts it had expended in removing the house from the property. Dewitt filed a petition objecting to the claim for payment, but the trial court denied Dewitt's petition. Thereafter, the trial court granted the City of Greendale a judgment for its costs in the amount of $2892, on August 22, 2007. The trial court then issued a Writ of Attachment and Execution and Dewitt's property was sold to satisfy the City's costs of demolition and removal.

On January 10, 2011, Dewitt filed a complaint in the trial court, entitled "Civil Action for Inverse Condemnation," attacking Unsafe Building Department's actions. The trial court dismissed Dewitt's complaint for lack of jurisdiction in light of Dewitt's failure to appeal the Unsafe Building Department's decision within the ten days as required by Indiana Code section 36-7-9-8. More specifically, the trial court's order provided in relevant part that

> This matter having come before the Court this 27th day of September, 2011 and the Plaintiff having appeared in person and the Defendant having appeared by counsel, Richard A. Butler, and the Court being duly and sufficiently advised, the Court now FINDS that:

> (1) This cause of action is for inverse condemnation.

> (2) Plaintiff previously filed another action for inverse condemnation before this Court under Cause No. 15C01-1003-MI-0013. In that case, this Court found that "Plaintiff filed a similar complaint against the same Defendants in the United State District Court, Southern District of Indiana under Cause NO. 2:07-cv-204-RLY-GH and a final judgment as previously rendered upon all claims in that action making it res judicata with respect to the present proposed complaint."

3

(3) Further, Ind. Code §36-7-9-8 requires that any appeal of the action of the Defendant Unsafe Building Department of the City of Greendale of which Plaintiff complains in this cause of action be taken "within ten (10) days after the date when the action was taken." Defendant Unsafe Building Department of the City of Greendale having taken the action complained of by Plaintiff in this cause of action on or about May 3, 2006 (according to Plaintiff's complaint), this Court does not have jurisdiction to hear Plaintiff's complaint. Quaker Properties, Inc. v. Department of Unsafe Buildings of the City of Greendale, Indiana, 842 N.E.2d 865 (Ind. App. 2006).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff's complaint be and hereby is dismissed with prejudice.

Appellees' App. p. 1-2. Dewitt now appeals.

DISCUSSION AND DECISION

In determining whether the trial court erred in dismissing Dewitt's complaint, we note that a party may not collaterally attack the lawful actions of a municipality pursuant to the Unsafe Building Law. Starzenski v. City of Elkhart, 659 N.E.2d 1132 (Ind. Ct. App. 1996). "Where a statute sets forth a specific time period for filing an appeal from an administrative decision, one must timely file the appeal in order to invoke the jurisdiction of the court." Id. at 1136.

Relevant here is Indiana Code section 36-7-9-8, which provides that

(a) An action taken under section 7(d) of this chapter is subject to review by the circuit or superior court of the county in which the unsafe premises are located, on request of:

(1) any person who has a substantial property interest in the unsafe premises; or

(2) any person to whom that order was issued.

4

(b) A person requesting judicial review under this section must file a verified complaint including the findings of fact and the action taken by the hearing authority. <u>The complaint must be filed within ten (10) days after the date when the action was taken</u>.

(c) An appeal under this section is an action de novo. The court may affirm, modify, or reverse the action taken by the hearing authority.

(Emphasis added).

Once the time period for filing an appeal has expired, the hearing authority's decision may not be challenged in a collateral proceeding. In <u>Starzenski</u>, no appeal was filed under Indiana Code section 36-7-9-8 within the required ten days. Rather, more than three months after the hearing authority's decision, the Starzenskis sought an injunction that prohibited the City of Elkhart from taking action to clean up the Starzenskis' property.

A panel of this court recognized that the Starzenskis were trying to avoid the provisions of the Unsafe Building Law. More particularly, it was observed that "[the Starzenskis] seek to circumvent the statutory requirements governing appeals from the Hearing Authority by seeking an injunction against the City in a collateral proceeding brought in the Elkhart Superior Court." <u>Id.</u> at 1136-37. Failing to appeal within the requisite time period waives the challenge to the hearing authority's decision. <u>Id.</u> at 1137.

As set forth in <u>Starzenski</u>:

[T]he Hearing Authority took action on the Starzenskis's case at the conclusion of the October 29, 1992 hearing when it affirmed the Enforcement Authority's order. The Starzenskis failed to appeal from that

5

action within the requisite time period. The Starzenskis have waived their challenge to the Hearing Authority's decision and the Enforcement Authority's order, and the opportunity to have the court conduct a de novo review of the evidence under I.C. 36-7-9-8.

Id.

As were the circumstances in Starzenski, Dewitt did not appeal the order pursuant to Indiana Code section 36-7-9-8. Rather, it is apparent that Dewitt sought to circumvent the statutory requirements governing appeals from the Unsafe Building Department's orders by filing a complaint for inverse condemnation and multiple violations of his civil rights in a collateral proceeding. The ten-day appeal period began to run on September 14, 2005, when the Hearing Authority affirmed the Chief Enforcement Office's order. Dewitt failed to timely appeal that action.

Likewise, although Dewitt challenged the Unsafe Building Department's request for costs of removing the residence, he was unsuccessful in doing so. Dewitt filed this collateral action on January 10, 2011—more than five years after the ten-day appeal period. All of the issues could have and should have been raised in a timely appeal of the Hearing Authority's decisions pursuant to Indiana Code section 36-7-9-8. Because Dewitt did not appeal that decision in a timely manner, he has waived his challenge to the Hearing Authority's decision and the Enforcement Authority's order. As a result, we conclude that the trial court properly dismissed Dewitt's complaint.[1]

---

[1] As an aside, we note that even if the ten-day period in accordance with Indiana Code section 36-7-9-8 had not run when Dewitt filed the action for inverse condemnation, he was still precluded from challenging the Unsafe Building Department's action in a collateral proceeding. His avenue of recourse

6

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.

---

would be to file a verified complaint in the trial court pursuant to Indiana Code section 36-7-9-8. <u>Starzenski</u>, 659 N.E.2d at 1137 n.10.