In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 13-3790

MICHAEL W. UNDERWOOD, *et al.*,

*Plaintiffs-Appellants*,

*v.*

CITY OF CHICAGO, ILLINOIS,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 5687 — **James F. Holderman**, *Judge.*

———————

ARGUED DECEMBER 10, 2014 — DECIDED FEBRUARY 25, 2015

———————

Before EASTERBROOK, SYKES, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Since 1982 Chicago has provided free or subsidized health care to retirees who receive pension benefits through funds for police, fire, and some other job classifications. In June 2013 the most recent ordinance establishing these benefits expired. It had been enacted in 2003 and contained a sunset clause providing for termination after 10 years. When the City notified the retirees

that they would have to pay more for medical coverage in 2014, they filed suit in state court against the City. (They also named the funds but did not serve them with process, so they did not become parties.)

The suit's principal contention is that any reduction of health care or increase in the retirees' contribution toward it violates Art. XIII §5 of the Illinois Constitution (the Pensions Clause), which says that "[m]embership in any pension or retirement system of … any unit of local government … shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." The complaint also asserted that the City's policy violates the Contracts Clause of the United States Constitution, Art. I §10 cl. 1, which says that "[n]o State shall … pass any … Law impairing the Obligation of Contracts". The federal claim allowed Chicago to remove the suit to federal court, which it did. See 28 U.S.C. §1441. The district court dismissed the suit on the pleadings, ruling that the Pensions Clause does not apply to health care and that the Contracts Clause claim fails on the merits. 2013 U.S. Dist. LEXIS 174455 (N.D. Ill. Dec. 13, 2013).

While the case was on appeal, the Supreme Court of Illinois held that the Pensions Clause applies to health benefits. *Kanerva v. Weems*, 2014 IL 115811 (July 3, 2014). Both sides then filed briefs asking us to decide the merits of the plaintiffs' claim, which entails a contention that any participant in a pension plan who receives health benefits—even if from another source, such as the City of Chicago—is entitled to keep them no matter what terms the payor attached. On plaintiffs' understanding, if a city promises health coverage during one mayor's term of office, or for one year following a worker's retirement, or until 2013, or any other limit, the

retiree is nonetheless entitled to benefits for life. Chicago contends that this is not a sound understanding of the Pensions Clause, which says that membership is "contractual" and does not imply that the terms on which benefits were established can be overridden. Cf. *M&G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015) (health benefits vest for purposes of federal law when analysis under the ordinary law of contracts shows that a lifetime promise has been made; courts should not use a presumption for or against vesting).

We are reluctant to resolve a novel issue of state constitutional law. The Supreme Court of Illinois has not addressed the subject on which the parties disagree. Each finds some support in state decisions, but the Supreme Court has not tackled the issue directly, and it could not have done so until after holding in *Kanerva* that the Pensions Clause applies. The state's highest court has granted review in *Matthews v. Chicago Transit Authority*, 2014 IL App. (1st) 123348 (Apr. 25, 2014), petition for leave to appeal allowed, 2014 IL Lexis 954 (Sept. 24, 2014), which may shed light on the issues, but that case has yet to be briefed, and the eventual decision in *Matthews* may or may not control this case. Health benefits in *Matthews* were created by a collective bargaining agreement, and the holding may be limited to how a CBA's silence about the duration of health benefits interacts with the Pensions Clause; but the court also could choose to embrace (or reject) plaintiffs' contention that all health benefits vest automatically by virtue of the Pensions Clause.

There is, moreover, a potentially important question that the parties have not addressed: What "benefits" does the Pensions Clause protect? Plaintiffs assume that it covers in-kind benefits such as health care, no matter the cost to the

employer. Yet pensions promise a particular amount of money (for defined-benefit plans) or the balance in a particular fund (for defined-contribution plans), not a particular quantum of buying power. If the cost of automobiles, food, or health care rises, the Pensions Clause does not require the state to supplement pensions beyond the promised level. A parallel approach for health care would imply that the Pensions Clause locks in the amount of the promised subsidy but does not guarantee a particular level of medical care. *Kanerva* implies as much by saying that the state's *contributions* to health-insurance premiums are the protected benefit. But it did not tackle that issue directly. Silence makes it hard for a federal court to resolve this appeal.

The state-law issues came to federal court via the supplemental jurisdiction. We are free to resolve the federal claims and return the state claims to state court. 28 U.S.C. §1367(c)(1), (3). Although plaintiffs' appellate briefs asked us to decide the whole case, a post-argument supplemental memorandum asked us to remand the state-law claims. Chicago maintained its position that all issues should be resolved now. Given the uncertainty surrounding the state-law claims, their importance to employees across Illinois, and the fact that the district court did not even begin to address them on the merits (having held that the Pensions Clause does not apply), we conclude that a remand is the best step—if the federal claims can be resolved without deciding the state-law claims too.

The Contracts Clause does not create a right to have all contractual claims enforced in federal court. It provides instead that states may not enact any law impairing the obligation of contracts—that is, taking away entitlements that pre-

dated the change. See, e.g., *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992); *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978); *Ogden v. Saunders*, 25 U.S. (12 Wheat.) 213 (1827).

The Contracts Clause covers legislative as opposed to executive action. See, e.g., *St. Paul Gas Light Co. v. St. Paul*, 181 U.S. 142, 148 (1901); *E&E Hauling, Inc. v. Forest Preserve District of Du Page County*, 613 F.2d 675, 678 (7th Cir. 1980). Plaintiffs attempt to satisfy this requirement by contending that various state statutes have impaired their rights to health benefits. But to the extent that they contest state statutes, they have sued the wrong party. Chicago is not responsible for the content of state law.

So have plaintiffs identified any legislative action by the City that impairs contractual rights? They have not. They do not accuse the City of making legislative changes that prevent implementation of contracts.

Many decisions hold that legislation can *breach* a contract without impairing the *obligation* of contracts. That's the point of *E&E Hauling* and the cases on which it relied. See, e.g., *St. Paul Gas Light*, 181 U.S. at 149; *Hays v. Port of Seattle*, 251 U.S. 233, 237 (1920); *Jackson Sawmill Co. v. United States*, 580 F.2d 302 (8th Cir. 1978). A statute or ordinance preventing enforcement of contracts would create a problem under the Contracts Clause, see *E&E Hauling,* 613 F.2d at 680–81 & n.7. But plaintiffs do not contend that Chicago has adopted legislation overriding or otherwise blocking the enforcement of contracts about health benefits.

Illinois law provides plaintiffs with ample remedies, if their state-law theories are correct. Cf. *Mid-American Waste*

*Systems, Inc. v. Gary*, 49 F.3d 286 (7th Cir. 1995); *Simmons v. Gillespie*, 712 F.3d 1041 (7th Cir. 2013); *Kay v. Chicago Board of Education*, 547 F.3d 736 (7th Cir. 2008). Far from superseding contracts, Illinois law arguably gives promises *more* force than they would have under the common law. The 2003 ordinance had a time limit; no one contends that its expiration was a breach of contract. Older promises, which plaintiffs and the district court characterize as "handshake deals," likewise are not enforceable as contracts. The Illinois Statute of Frauds, see *McInerney v. Charter Golf, Inc.*, 176 Ill.2d 482, 490 (1997), prevents the enforcement of oral promises that extend more than a year into the future, as these "handshake deals" did. (We have omitted details about the sequence of promises underlying the plaintiffs' claims. The district court's opinion recounts them; they do not matter to analysis under the Contracts Clause.) Plaintiffs contend that the Pensions Clause of the Illinois Constitution gives the City's promises greater force than the common law of contracts provides, but that is a proposition of state law only and does not create a claim under the federal Contracts Clause.

At oral argument plaintiffs' counsel suggested that Chicago may have violated the Takings Clause of the Fifth Amendment by discontinuing or reducing health benefits. No such argument appears in the briefs, and a takings claim would be premature. The federal Constitution does not forbid takings; instead it requires just compensation. This means that any takings claim belongs in state court, which may award compensation. See *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). An unripe takings claim cannot keep this suit in federal court.

The federal judiciary has an institutional interest in allowing states to resolve novel issues of state law. It would be an abuse of discretion for a district court to retain the state-law claims, once the federal claims have been resolved, and it would be a mistake for us to say anything more about them. Because the Supreme Court of Illinois has granted review of a case whose disposition may cast light on plaintiffs' claims, and because this suit began in state court, relinquishing supplemental jurisdiction is preferable to certifying one or more questions to the state judiciary. The judgment of the district court is vacated, and the case is remanded with instructions to remand the state-law claims to state court under §1367(c).