NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 7, 2015[*]
Decided April 7, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3375

| | |
|---|---|
| LEONARD A. DEWITT, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:13-cv-00039-RLY-WGH |
| CITY OF GREENDALE, INDIANA, et al., *Defendants-Appellees*. | Richard L. Young, *Chief Judge*. |

**O R D E R**

Leonard Dewitt sued the City of Greendale, Indiana, and ten City officials under 42 U.S.C. § 1983, principally claiming that his home and land were taken without just compensation in violation of the Fifth and Fourteenth Amendments. The district court granted summary judgment for the defendants on the ground that the suit is barred by

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

claim preclusion and the statute of limitations. We affirm that decision, though our reasoning differs.

Dewitt purchased real estate in Greendale in 1999. A modular home on the land had been vacant and neglected for some time. Over the next five years, Dewitt made substantial repairs, including replacing the roof, rebuilding the foundation, and installing pipe for connection to the City's sewer system. But the work stopped in 2004 when Dewitt was arrested and detained in the county jail. About a year later, in June 2005, he leased the vacant property to Jeanne Akeman, who hoped to continue making repairs.

Two months later the City, through its Department of Unsafe Buildings, notified Dewitt that within 90 days he must remedy the ordinance violations or else remove his modular home. (Although Dewitt named as a defendant the Department of Unsafe Buildings, a municipal department in Indiana is not a political subdivision, IND. CODE § 34-6-2-110, but rather "a vehicle through which the city government fulfills its policy functions," *Slay v. Marion Cnty. Sheriff's Dep't,* 603 N.E.2d 877, 887 (Ind. Ct. App. 1992) (citation omitted). We have corrected our caption to substitute the City as the correct defendant. *See Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014).) The Department asserted that the house did not meet plumbing and fire-safety codes and also was a fire hazard, a haven for rodents and other animals, and dangerous because of trash and debris. The Department advised Dewitt that he or a representative could appear before its Hearing Authority (composed of all members of the City Council, *see* Greendale, Ind., Ordinance 150.31). Dewitt was warned that a contractor might be hired to remove the house at his expense if he did not correct the problems. Dewitt wrote Steve Lampert, the city manager and a defendant, protesting that the Department's directive did not identify the defects making his modular home "unsafe." Lampert answered that the directive was "self explanatory."

Akeman, the lessee, attended the hearing on Dewitt's behalf. She asked for sixty additional days to consult contractors and obtain the necessary permits for the repairs. Each member of the Hearing Authority, all of whom are defendants, voted to order compliance with the Department's directive after agreeing to Akeman's request for more time to make repairs. Indiana law gave Dewitt ten days to seek judicial review of this decision, but he took no action. *See* IND. CODE § 36-7-9-8; Greendale, Ind., Ordinance 150.32. Later, though, Akeman lost interest in rehabbing the house and did not follow through with the planned repairs. Dewitt, still incarcerated, obtained another extension, but the new deadline passed without the necessary repairs being finished. A month

later, in May 2006, the Department followed through on its threat to demolish the house. The City obtained a judgment against Dewitt for the demolition costs and later foreclosed on the land (valued by Dewitt at $25,000) to satisfy that $2,892 judgment.

Since then Dewitt has filed four lawsuits against these same defendants contesting the City's actions. He filed the first suit in federal court a few months after the house was demolished. In that litigation Dewitt claimed that the defendants had allotted too little time for repairs, in violation of his Fourteenth Amendment right to due process, and treated him unfairly, in violation of his Fourteenth Amendment right to equal protection. Dewitt also claimed that his property had been taken without just compensation, in violation of the Fifth and Fourteenth Amendments. The district court dismissed the equal-protection claim at screening, *see* 28 U.S.C. § 1915A, and dismissed the other claims without prejudice on the ground that Dewitt had not sought relief in the Indiana courts. Dewitt refiled those claims in state court, but that suit was dismissed without prejudice (the court's stated reasons include "res judicata," but we read the dismissal as resting on the ground of improper service of process). Dewitt tried again in state court in January 2011; this time the court, although dismissing the suit with prejudice, explained that it lacked "jurisdiction to hear" the case because Dewitt had not sought timely judicial review of the Hearing Authority's order. *See* IND. CODE § 36-7-9-8. The state appellate court affirmed that decision, clarifying that Dewitt had waived all of his claims by not timely seeking judicial review. *Dewitt v. City of Greendale, Unsafe Bldg. Dep't,* 970 N.E.2d 271 (Ind. Ct. App. 2012), *transfer denied,* 982 N.E.2d 1017 (Ind. 2013).

Dewitt then returned to federal court with this fourth action, which duplicates his earlier federal lawsuit. Both sides moved for summary judgment. In granting the defendants' motion, the district court accepted their argument that the suit is barred by the doctrine of claim preclusion. The court reasoned that the second of Dewitt's state lawsuits (the third overall) was preclusive because his federal claims were properly before the Indiana circuit court, which, despite saying that it lacked "jurisdiction," actually had rendered a decision on the merits against Dewitt. Alternatively, the district court concluded that Dewitt had filed this action several years outside the two-year statute of limitations applicable to § 1983 claims arising in Indiana. *See Serino v. Hensley,* 735 F.3d 588, 590 (7th Cir. 2013).

On appeal the parties debate whether the district court correctly gave preclusive effect to the state-court decision, but we see a clearer path to resolving this litigation. Dewitt's equal-protection claim, to start, is precluded by his first *federal* lawsuit, since under federal law a second suit is barred by a previous action if there is "(1) an identity

of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2012). The first two conditions plainly are satisfied, as is the third because the dismissal of Dewitt's equal-protection claim at screening was a judgment on the merits for purposes of federal claim preclusion. *See Gleash v. Yuswak*, 308 F.3d 758, 759–60 (7th Cir. 2002); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

As for Dewitt's due-process and takings claims, the district court, in dismissing Dewitt's first federal action, correctly informed him that these claims would not ripen unless and until the Indiana courts had refused to compensate him. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95 (1985); *Underwood v. City of Chicago, Ill.*, 779 F.3d 461, 464 (7th Cir. 2015); *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699 (7th Cir. 2005); *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 961–62 (7th Cir. 2004). But by this time—almost four years after the Hearing Authority had ordered Dewitt to repair or remove his modular home—he was too late.

An order issued by a hearing authority established under the Unsafe Building Law must be challenged by filing a complaint within ten days in the circuit or superior court of the county in which the unsafe building is located. *See* IND. CODE § 36-7-9-8; *Quaker Properties, Inc. v. Dep't of Unsafe Bldgs. of City of Greendale, Ind.*, 842 N.E.2d 865, 866–67 (Ind. Ct. App. 2006). The City has adopted by ordinance the Unsafe Building Law and established a Hearing Authority. *See* Greendale, Ind., Ordinances 150.31, 150.32. Dewitt was required to exhaust this process before he could file a takings claim in state court. *See Carter v. Nugent Sand Co.*, 925 N.E.2d 356, 360–61 (Ind. 2010) (concluding that land owner must exhaust administrative process, including judicial review of administrative decision, before filing takings claim in state court); *Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1223–25 (Ind. 2000) (concluding that land owner could not bring takings claim in state court since owner had not sought permit to improve property and, if necessary, appealed adverse decision to zoning board); *Quaker Properties*, 842 N.E.2d at 867–68 (concluding that building owner who did not seek judicial review within ten days of hearing authority's order could not later file lawsuit challenging city's enforcement of order).

Dewitt has not asserted that this state remedy is inadequate or was unavailable. *See Williamson*, 473 U.S. at 196–97. And by failing to seek review of the Hearing Authority's order in a timely fashion, Dewitt forfeited his related due-process and takings claims. *See Harbours Pointe of Nashotah, LLC v. Vill. of Nashotah*, 278 F.3d 701, 706 (7th Cir. 2002); *Holliday Amusement Co. of Charleston, Inc. v. S.C.*, 493 F.3d 404, 408 (4th Cir.

2007); *Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 799 (5th Cir. 2004); *Pascoag Reservoir & Dam, LLC v. R.I.*, 337 F.3d 87, 93–94 (1st Cir. 2003); *but see DLX, Inc. v. Ky.*, 381 F.3d 511, 519 (6th Cir. 2004). A "property owner cannot let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in federal court on the basis that no state remedies are open," *Harbours Pointe*, 278 F.3d at 706 (quotation marks and citation omitted), even if this means that the plaintiff "has permanently prevented the claim from ever ripening," *Brown*, 380 F.3d at 799. In short, Dewitt's complaint does not state claims for the denial of due process or the taking of his real property without just compensation.

AFFIRMED.